An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

HEATHER MARIE BATES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61495

**FILED**

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing appellant Heather Marie Bates' post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Bates contends that the district court erred by dismissing her petition without conducting an evidentiary hearing and not finding that counsel was ineffective for failing to (1) investigate her case and file a motion to suppress prior to advising her to enter a guilty plea, and (2) discuss and pursue a direct appeal. We disagree.

When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court dismissed Bates' petition without conducting an evidentiary hearing after determining that her claims were belied by the record, that counsel was not deficient, and that she failed to demonstrate prejudice. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); see also

13 - 10366

<u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984); <u>Kirksey v. State</u>, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996). We conclude that the district court did not abuse its discretion by not conducting an evidentiary hearing, <u>see</u> NRS 34.770(2); <u>Nika v. State</u>, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008) (holding that a petitioner is entitled to an evidentiary hearing only when specific factual allegations are asserted "that are not belied or repelled by the record and that, if true, would entitle him to relief"), and did not err by rejecting Bates' ineffective-assistance claims.

Bates also contends that "NRAP 3C has a chilling effect on the constitutional right to direct appeal and the constitutional right to effective assistance of counsel on direct appeal." In its order dismissing the petition, the district court noted that Bates failed to present any facts or authority in support of this claim. We have consistently rejected this argument, as Bates concedes, and again point out that NRAP 3C complies with the due process requirements of the state and federal constitutions. <u>See</u> <u>Wood v. State</u>, 115 Nev. 344, 352, 990 P.2d 786, 791 (1999). Therefore, we conclude that the district court did not err by rejecting this claim, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Brent T. Adams, District Judge
        Karla K. Butko
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk